IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00516 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | WALTER DOMINGUEZ-GARCIA'S |
| | ) | MOTION FOR COMPASSIONATE |
| | ) | RELEASE |
| vs. | ) | |
| | ) | |
| WALTER ROLANDO ATEMIO | ) | |
| DOMINGUEZ-GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING DEFENDANT WALTER DOMINGUEZ-GARCIA'S
MOTION FOR COMPASSIONATE RELEASE**

I.      INTRODUCTION.

Defendant Walter Dominguez-Garcia entered guilty pleas to seven drug-related counts.  This court sentenced him in 2019 to concurrent sentences on those counts of 72 months of incarceration and five years of supervised release, as well as to $700 in special assessments.  *See* Judgment, ECF No. 45.  The court found Dominguez-Garcia responsible for 323 grams of cocaine (0.32 kilograms), 15,024.53 grams (15.02 kilograms) of "ice," and 2,967.4 grams (2.97 kilograms) of methamphetamine.  *See* Presentence Investigation Report, ECF No. 39, PageID # 119; Minutes of Sentencing Proceeding, ECF No. 43, PageID # 164 ("Court adopts the PSR"); Statement of Reasons, ECF No. 46, PageID # 180 ("The court adopts the presentence investigation report without change.").  Given his total offense level of 33

and criminal history category of I, Dominguez-Garcia's guideline range was 135 to 168 months. *See* ECF No. 39, PageID # 124. Dominguez-Garcia's 72-month sentence reflected circumstances justifying that sentence, including qualification for the safety valve. *See* ECF No. 46, PageID # 180.

With good time credit, Dominguez-Garcia, who is 32 years old, has a projected release date of September 25, 2022. *See* https://www.bop.gov/inmateloc/ (input BOP Register Number 10144-122) (last visited June 3, 2021). It appears that Dominguez-Garcia has been in custody since September 2017, meaning that he has served roughly 2 2/3 years of his 6-year sentence. *See* Minutes of Initial Appearance, ECF No. 4, PageID # 10; ECF No. 50, PageID # 195 (stating that he has been incarcerated since September 1, 2017).

Dominguez-Garcia is incarcerated at Atlanta USP in Georgia. *See id*. Atlanta USP currently houses 2091 inmates, with 2000 at the USP and 91 in an adjacent camp. https://www.bop.gov/locations/institutions/atl/ (last visited June 3, 2021). As of the morning of June 3, 2021, Atlanta USP has no active COVID-19 case in its inmate population and 4 active COVID-19 cases in its staff, with 189 inmates and 25 staff members having recovered from it. Two inmates at Atlanta USP have died from COVID-19. *See* https://www.bop.gov/coronavirus/ (June 3, 2021). Additionally, as of the morning of June 1, 2021,

684 inmates and 218 staff members at Atlanta USP have been fully vaccinated against COVID-19. *Id.* Dominguez-Garcia is among those fully vaccinated inmates, having received the single-dose Johnson and Johnson/Janssen vaccine on April 27, 2021. *See* ECF No. 63, PageID #s 282 and 286.

Dominguez-Garcia moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The primary basis for his motion is the COVID-19 pandemic. Dominguez-Garcia claims that he is obese, has asthma, and suffers from chronic pulmonary disease. *See* ECF No. 39, PageID # 122 (March 2019 PSR indicating that Dominguez-Garcia is 5' 8" and 210 pounds); ECF No. 63, PageID # 313 (indicating a weight of 216 pounds on January 14, 2019); https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (indicating that a person who is 5' 8" and 210 pounds has a BMI of 31.9); ECF No. 50-1, PageID #s 198-99 (indicating that Dominguez-Garcia has mild intermittent asthma and chronic Pulmonary disease). After considering Dominguez-Garcia's medical conditions, the time remaining on his sentence, and his history, this court concludes that he has not demonstrated that extraordinary and compelling circumstances warrant a reduction in his sentence. Accordingly, his motion for compassionate release is denied.

**II.      ANALYSIS.**

Dominguez-Garcia's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must (1) find that the defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request; (2) also find, after considering the factors set forth in section 3553(a), that extraordinary and compelling reasons warrant a sentence reduction; and (3) find that such a reduction is consistent with the Sentencing Commission's policy statements (assuming there are any policy statements applicable to this motion). *See United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

**A.   Dominguez-Garcia Has Satisfied the Time-lapse**

4

**Requirement of 18 U.S.C. § 3582(c)(1)(A).**

Dominguez-Garcia says he submitted a compassionate release request to the warden of his prison on April 1, 2021. *See* ECF No. 56-1, PageID # 212.  While the Government contends that this is insufficient to demonstrate compliance with the time-lapse requirements 18 U.S.C. § 3582(c)(1)(A), it merely argues that he failed to support his contention with proof of such submission.  The Government does not actually argue that Dominguez-Garcia failed to submit such a request.  *See* ECF No. 57, PageID # 222.  Because this court views the administrative exhaustion requirements as an affirmative defense, this court rules that the Government has not met its burden on this motion of demonstrating that Dominguez-Garcia failed to submit such a request.  See *United States v. Malae*, 2021 WL 1343500, at *1 (D. Haw. Apr. 9, 2021); *United States v. Akolo*, 2020 WL 4810104, at *2-*3 (D. Haw. Aug. 18, 2020).  Even if the burden were on Dominguez-Garcia to demonstrate that he satisfied the prison exhaustion requirements, the court accepts his representation on this point under the circumstances, which include the difficulty facing Dominguez-Garcia of obtaining records while in prison during a pandemic.  The court deems the prison exhaustion requirement of § 3582(c)(1)(A) to have been satisfied.  More than 30 days have passed since Dominguez-Garcia submitted his request to his warden.

>    B.    **This Court Has Discretion in Determining Whether Extraordinary and Compelling Reasons Justify a Reduced Sentence.**

This court turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction.  In orders addressing compassionate release motions in other cases, this court has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release.

This court has also stated that, in reading § 3582(c)(1)(A) as providing for considerable judicial discretion, the court is well aware of the absence of an amended policy statement from the Sentencing Commission reflecting the discretion given to courts when Congress amended the statute to allow inmates themselves to file compassionate release motions. *United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020).  Specifically, this court has recognized that an Application Note to a relevant sentencing guideline is outdated.  This court continues to view its discretion as not limited by Sentencing Commission pronouncements that are now at odds with the congressional intent behind recent statutory

amendments. *Mau*, 2020 WL 6153581; *see also United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) ("[W]e read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *cf. United States v. Ruffin*, 978 F.3d 1000, 1007-08 (6th Cir. 2020) (noting that some courts have held that the Application Note is not "applicable," but not deciding the issue).

Recently, the Ninth Circuit has expressly recognized that there is no applicable Sentencing Commission policy statement governing compassionate release motions filed by defendants under § 3582(c)(1)(A). Nevertheless, while the Sentencing Commission's statements in U.S.S.G § 1B1.13 are not applicable policy statements that are binding on this court, they may inform this court's discretion. *See United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021) (per curiam).

### C. Dominguez-Garcia Has Not Demonstrated That Extraordinary and Compelling Circumstances Justify His Early Release, or That the Requested Reduction Would Be Consistent with Any Applicable Sentencing Commission Policy Statement.

Dominguez-Garcia contends that this court should exercise its discretion and find that extraordinary and compelling circumstances justify his early release. He relies primarily on the risks he faces if he contracts COVID-19 despite being fully vaccinated. While the court acknowledges the seriousness of Dominguez-Garcia's concern, the COVID-19 pandemic

does not justify early release under the circumstances presented here.

According to Dominguez-Garcia, he has a BMI of 31.9. Under the CDC's guidance, a BMI of 31.9 "can make you more likely to get severely ill from COVID-19," meaning that Dominguez-Garcia may be more likely to need hospitalization, intensive care, or a ventilator to help him breathe, or might even die from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 3, 2021). While Dominguez-Garcia's mild intermittent asthma does not appear to be of the necessary severity (moderate to severe) to make him more likely to get severely ill from COVID-19, his chronic pulmonary disease appears to raise his risk of a severe illness. *See id.* Although this court certainly agrees that Dominguez-Garcia has legitimate concerns about contracting COVID-19, his medical conditions, standing alone, are not exceptional and compelling reasons that warrant a reduction in sentence.

Several factors potentially reduce the risks that Dominguez-Garcia faces. First, at 32 years old, he is not in the highest risk category. *Id.* ("Older adults are more likely to get severely ill from COVID-19. More than 80% of COVID-19 deaths occur in people over age 65, and more than 95% of COVID-19 deaths occur in people older than 45.").

Second, although it is possible that Dominguez-Garcia might suffer from a severe case of COVID-19 if infected, his vaccination status makes that unlikely. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/janssen.html ("The vaccine had high efficacy at preventing hospitalization and death in people who did get sick. No one who got COVID-19 at least 4 weeks after receiving the J&J/Janssen COVID-19 Vaccine had to be hospitalized.") (last visited June 3, 2021).[1] This court is certainly in no position to make a definitive determination about immunity and is aware of the cases indicating that this court may still exercise its discretion and release a defendant who has been vaccinated. However, Dominguez-Garcia's status as fully vaccinated against COVID-19 cannot be ignored in any evaluation of whether there are extraordinary and compelling reasons warranting a reduction in his sentence.

Moreover, as of the morning of June 1, 2021, Atlanta USP has no active cases of COVID-19 in its inmate population and only 4 active cases of COVID-19 among staff members (who are presumably staying home if actively infected). Atlanta USP has had 189 inmates and 25 staff members recover from COVID-19 and 2 inmates die from it. Those numbers demonstrate that Atlanta USP

---

[1] This court has before it a November 24, 2020, report by an individual whose opinions about the duration of immunity preceded the availability of COVID-19 vaccines. *See* ECF No. 61-1. It is not clear that that report reflects current scientific views about how long immunity may last with vaccines.

9

earlier had a significant COVID-19 problem. Its COVID-19 problem has been reduced but certainly not eliminated. Nevertheless, the relatively low number of current COVID-19 cases does not place Dominguez-Garcia at great risk of exposure to COVID-19, especially when 684 of the 2091 inmates (32.7%) at Atwater USP, including Dominguez-Garcia, have been fully vaccinated against COVID-19.

In evaluating whether early release is justified, this court also must consider the factors set forth in § 3553(a), one of which is particularly relevant. Dominguez-Garcia has only been incarcerated for about 2 2/3 years. That is not even half of his 6-year sentence, which the court considered appropriate given the significant amount of drugs he was responsible for. He does not establish that cutting his sentence to 2 2/3 years is warranted in light of the seriousness of his crimes, although the court recognizes the difficulty of conditions at his facility. *See* ECF No. 50, PageID # 196 (stating that the facility is on lockdown and that it has no educational programs).

The court notes that Dominguez-Garcia has been disciplined three times in prison: 1) in June 2020 for being unsanitary or untidy; 2) in August 2019 for possessing an unauthorized item; and 3) in April 2019 for "phone abuse-disrupt monitoring." None of these disciplinary events appears to have involved violence or indicates that Dominguez-Garcia will pose a

danger to the community if released.  The absence of violence is a factor in Dominguez-Garcia's favor, as are his rehabilitative attempts while imprisoned.  *See* ECF No. 50-1, PageID # 197.  But on balance, those factors do not suffice to establish that compassionate release is appropriate at this time.

Under § 3582(c)(1)(A), only extraordinary and compelling reasons can justify a reduction in an inmate's sentence.  Having considered the amount of time remaining on Dominguez-Garcia's sentence, his history, and the totality of the medical information he has submitted, this court determines that the reasons raised by Dominguez-Garcia do not rise to the level of being extraordinary and compelling reasons warranting a reduction in his sentence at this time.

### III.     CONCLUSION.

Dominguez-Garcia's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

It is so ordered.

DATED: Honolulu, Hawaii, June 3, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Dominguez-Garcia*, Cr. No. 17-00516-SOM; **ORDER DENYING DEFENDANT WALTER DOMINGUEZ-GARCIA'S MOTION FOR COMPASSIONATE RELEASE**